**In re William K. MEAD, Debtor.**
**(two cases).**

Misc. No. 82–0395.
Civ. A. No. 83–0213.

United States District Court,
E.D. Pennsylvania.

Feb. 1, 1983.

Anthony B. Quinn, Philadelphia, Pa., for debtor.

Stuart A. Agins, Philadelphia, Pa., for creditor.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

This matter comes to us on appeal from an Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania vacating the appellant-debtor's conversion of his bankruptcy petition from Chapter 7 (Liquidation) to Chapter 11 (Re-

organization) of the Bankruptcy Act. On December 8, 1982 we granted a temporary stay of the order without bond. An application by Edward Haisfield, landlord and creditor of the debtor, to have the lease with debtor deemed terminated was before the Bankruptcy Court at the time of the appeal; the landlord has been permitted to intervene and seek removal of the stay.

The debtor-appellant owned and operated an auto paint and body shop on leased premises located at 6115 Lancaster Avenue, Philadelphia, Pennsylvania. On September 7, 1982, he filed a petition for relief in the Bankruptcy Court under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701, *et seq.* On September 9, 1982, an interim trustee was appointed; however, the debtor continued to operate his business without authority of the court as required by § 721. That section provides:

> *Authorization to operate business.* The court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate.

On November 9, 1982, on request of the debtor, the Bankruptcy Court ordered conversion of the case to Chapter 11 under 11 U.S.C. § 706(a). The following day, the landlord filed an application that the lease be deemed terminated and that a trustee be appointed under Chapter 11, 11 U.S.C. § 1104.

On November 16, 1982, the Bankruptcy Court held a hearing on the landlord's application but there was no ruling thereon. Upon hearing that the debtor's business had been in operation under Chapter 7 for two months without accounting for revenues as required by law, the court vacated the Chapter 11 conversion order of November 9, 1982 and ordered the business closed and the keys turned over to the trustee so that liquidation under Chapter 7 might proceed. The debtor filed a timely notice of appeal [1]

---

1. The debtor failed to serve appellee with a designation of the contents for inclusion in the record on appeal and a statement of the issues to be presented on appeal within the time re-

quired by Rule 806 of the Rules of Bankruptcy Procedure. However, we declined to dismiss for lack of prosecution because the debtor subsequently complied with a court-imposed brief-

of the November 16, 1982 Order based on lack of notice and opportunity to be heard on the reconversion to Chapter 7.

We review this matter within the framework set forth in this court's Emergency Resolution of December 25, 1982, promulgated in consideration of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982):

> (B) In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.

On December 2, 1982, we conducted an evidentiary hearing on the facts. It is undisputed that the tenant-debtor has not paid rent since February, 1982; the amount of past rent due is in dispute because of alleged deficiencies of the premises but the tenant-debtor cannot at present pay any rent past or future. Before us are two legal matters: the status of the lease between the tenant-debtor and the landlord and the validity of the Bankruptcy Court Order of November 16, 1982.

■ Under 11 U.S.C. § 365 the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor. Under Chapter 7 (the debtor's status from September 7, 1982 to November 9, 1982), if the trustee does not assume or reject an executory contract or unexpired lease within sixty (60) days after the order of relief, or within such additional time as the court, for cause, within such sixty (60) days, fixes, then such contract or lease is deemed rejected.

■ The trustee, having failed to assume or reject the lease between the date of his appointment, September 9, 1982, and November 9, 1982, the day of the Bankruptcy Court Order approving conversion to Chapter 11, forfeited the right to do so. The court must deem the lease rejected and terminated by operation of law. The landlord's application for termination of the lease will be granted.[2]

■ Also before us is the validity of the Bankruptcy Court's Order of November 16, 1982 vacating its Order of November 9, 1982 approving debtor's conversion from Chapter 7 to Chapter 11. Under 11 U.S.C. § 706, "[t]he debtor may convert a case under this Chapter [7] to a case under Chapter 11 or 13 of this title at any time" if the debtor has not previously converted. Any waiver of the right to convert a case under this subsection is unenforceable. 11 U.S.C. § 706(a).[3] Because the debtor has an absolute right to convert to Chapter 11, the Bankruptcy Court's November 16, 1982 Order was in effect an involuntary reconversion from Chapter 11 to Chapter 7. However, the court must comply with the procedural requirements of 11 U.S.C. § 1112:

> On request of a party in interest, and *after notice and a hearing,* the court may convert a case under this chapter [11] to a case under Chapter 7 of this title or may dismiss a case under this Chapter which-

ing schedule which allowed for notice to the landlord-intervenor and the court-appointed trustee.

2. The landlord's application to this court to remove the temporary stay sought removal of two air compressors and all other personal property of the debtor on the premises. The parties dispute whether certain assets on the premises are personalty, belonging to the debtor, or fixtures attached to the landlord's property. We find the two air compressors are personalty. The landlord agreed when he sought an order from this court compelling removal of "the two air compressors and any other personal property of the debtor presently upon [the] property ...," Proposed Order, Application of Edward Haisfield to Remove Temporary Stay; he is estopped from arguing otherwise now.

3. This one-time absolute right to convert a liquidation case to a reorganization or individual repayment plan extends to the debtor the opportunity to repay his debts.

ever is in the best interest of creditors and the estate .... (Emphasis Added).

We recognize that the Bankruptcy court was concerned that there had not been a single accounting of business revenues for the two months debtor operated his business subsequent to his petition for relief under Chapter 7. However, without notice to the parties and an opportunity to be heard on the factors listed in § 1112[4] the court could not issue an order reconverting the debtor's case to Chapter 7. Therefore, the November 16, 1982 Order must be vacated.

The effect of our action is to remand to the Bankruptcy Court the case of a debtor in Chapter 11. This does not end the matter, since it is doubtful that the debtor is entitled to remain in this status. Conversion to Chapter 7 or dismissal under § 1112 may be appropriate. Accordingly, we remand to the Bankruptcy Court with direction to convene a hearing on the debtor's request to remain in Chapter 11 and to determine the status of the trustee. An appropriate Order follows.

4. Under § 1112, among the factors to be considered as cause for conversion to Chapter 7 or dismissal are:

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
(2) inability to effectuate a plan;
(3) unreasonable delay by the debtor that is prejudicial to creditors;
(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5) denial of confirmation of every proposed plan and denial of additional time for filing another plan or a modification of a plan;
(6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;
(7) inability to effectuate substantial consummation of a confirmed plan;
(8) material default by the debtor with respect to a confirmed plan; and
(9) termination of a plan by reason of the occurrence of a condition specified in the plan.