**In the Matter of ASSOCIATED REAL ESTATE TECHNICIANS, INC.**

**In re DAY–MET, INC., Debtors.**

**Bankruptcy No. 3–81–03069.
Adv. No. 3–81–03647.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Aug. 12, 1983.

William R. Coen, Dayton, Ohio, for debtors.

Bradley C. Smith, Dayton, Ohio, for Buyer.

John P. Petzold, Dayton, Ohio, for Association.

CHARLES A. ANDERSON, Bankruptcy Judge.

## FINDINGS OF FACT

This matter is before the Court upon "Motion to Expunge Lien; for Contempt and for Attorney Fees" filed on 5 July 1983. The Court heard the Motion on 18 July 1983. The parties have agreed to submit the matter for determination upon the record without the submission of formal testimony at hearing. The following decision is therefore based upon the record, inclusive of the parties' memoranda.

On 26 May 1983, Islander Boatel Condominium Association (hereinafter the Association) filed a mechanic's lien which was recorded in Mechanic's Lien Volume No. 10, pages 70–71 of the Logan County Recorder's Office. On 8 June 1983, Debtors' counsel informally wrote the Association and informed that it is Debtors' opinion that the mechanic's lien is "illegal" and was filed "in violation of the automatic stay of [11 U.S.C. § 362(a)]." Debtors subsequently filed the instant Motion alleging that the Association's conduct is violative of the automatic stay, and further that the Association's failure to "comply" with Debtor's written "demand" of 8 June 1983 justifies contempt sanctions including attorney fees. Debtors therefore request that the Court order the subject lien expunged and further award sanctions accordingly.

The Association responds that the lien was filed for *post*petition charges incurred by Debtors while "in possession" (Note 11 U.S.C. § 1101(1)), and that 11 U.S.C. § 362(a)(1) is inapplicable to actions taken to collect or perfect *post*petition claims.

No facts or argument of counsel for the parties raises any question as to the duration of the stay because of the operation of statutory provisions incorporated in 11 U.S.C. §§ 362(c) and 1141(b) and (c).

It is noted, furthermore, that the Plan of Reorganization specifically contemplates that all creditors be paid pursuant thereto and that property of the estate be free of all liens and encumbrances so that sales of condominiums constituting property of the estate may be consummated by delivery of merchantable title to good faith purchasers. During the course of the case administration, numerous *bona fide* purchaser for value have, in fact, purchased condominiums and have taken title thereto.

The Association also "desires to have the matter converted to a Chapter 7 proceeding, for the reason that the Debtors apparently have no intention of honoring any obligations with respect to liens created against property which it owns in the Islander Boatel Association, and in fact, apparently takes the position that it has no obligation to ever pay any assessments for services rendered to the units as a part of the Association regulations and by-laws." The Association accordingly requests that "the liens be permitted to stand, and/or that the Debtors make provision for the payment thereof, and that finally the Debtor be converted to a Chapter 7 proceeding for liquidation in accordance with the terms of the Bankruptcy Code."

## DECISION AND ORDER

11 U.S.C. § 362(a)(4) provides that the filing of a petition in bankruptcy automatically operates as a stay of:

> *any* act to create, perfect, or enforce *any* lien against property of the estate.... [Emphasis added.]

The nature of the claim underlying a contemplated lien is irrelevant to a determination of the legality of an action to create or perfect such lien if asserted against property of the estate. 11 U.S.C. § 362(a)(4) contemplates that property of the estate should be administrable without "surprise" encumbrances. Unless relief is granted pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 362(a)(4) does not admit to exception. See H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

In this case, it is undisputed that the subject lien was recorded after Debtors' Petitions were filed and against property of the respective Debtors' estates. It is fur-

ther undisputed that the Association never sought relief from stay preliminary to the recording of the subject lien.

■ Given these facts, it is clear that the Association has acted in contravention to 11 U.S.C. § 362(a)(4). It is therefore the specific determination of the Court that the subject lien should be deemed void and without effect. *See* generally 2 *Collier on Bankruptcy* ¶ 362.11.

■ It is, nevertheless, apparently also undisputed that the Association's claim is *bona fide,* that no payments have been made toward the Association's claim, and that the Association has throughout its dealings with Debtors acted in good faith. The Court also notes that the Association has not commenced any action to enforce the subject lien. Although the Association has undeniably acted in violation of the stay, it is the opinion of the Court that sanctions are unwarranted under these circumstances.

■ The details of the contract underlying the subject lien have not been part of the record herein. It appears, however, that the "charges" may have been assessed pursuant to a prepetition executory contract. If so, then the Association's appropriate remedy would be to request that the Court order that Debtors assume or reject the underlying contract, and then to seek the appropriate remedies provided in 11 U.S.C. § 365. 11 U.S.C. § 365(d)(2); See also this Court's opinion in *Allied Technology, Inc. v. R.B. Brunemann & Sons, Inc. (Matter of Allied Technology),* 25 B.R. 484, 500 (Bkrtcy.1982), by analogy for appropriate remedies in the event of a postpetition breach of an executory lease or contract.

Without addressing the merits of the Association's allegations, the Association also has the alternate procedural remedies of formally seeking relief from stay pursuant to 11 U.S.C. § 362(d), or asserting a claim as an administrative expense pursuant to 11 U.S.C. §§ 364(a) and 503(b)(1).

■ In this regard, the Court notes that, under the instant facts, any request by the Association for conversion of Debtors' proceedings to 11 U.S.C. Chapter 7 may only be entertained upon formal request and after notice and hearing conformably with 11 U.S.C. § 1112(b), and the Rules of Bankruptcy Procedure attendant thereto.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the subject lien was recorded in violation of 11 U.S.C. § 362(a)(4) and that the act of recording is null and void.

IT IS FURTHER ORDERED that the Association file a release of the subject lien. *Note* O.R.C. § 1311.26.

IT IS FURTHER ORDERED that, although the Association has acted in violation of this Court's stay in 11 U.S.C. § 362(a)(4), contempt sanctions for such violation are not presently warranted.

IT IS FURTHER ORDERED that the Association's request for conversion to 11 U.S.C. Chapter 7 is DENIED without prejudice.