**In re THE LEDGES APARTMENTS, A Vermont Partnership, Debtor.**

**Bankruptcy No. 85–0039.**

United States Bankruptcy Court, D. Vermont.

Feb. 21, 1986.

See also, 54 B.R. 85.

---

E. Patrick Burke, Rutland, Vt., for Dartmouth Sav. Bank ("DSB").

Nicholas Burke, White River Junction, Vt., for the Sherman W. Melendy Estate ("Melendy").

Jerome I. Meyer, White River Junction, Vt., for debtor.

## FINDINGS AND ORDER

FRANCIS G. CONRAD, Bankruptcy Judge.

This matter is before the Court on motions of DSB and Melendy to dismiss debtor's voluntary Chapter 11 petition. Because we find that movants have shown that: (1) payments have been diverted to another entity; (2) debtor has not acted in good faith; (3) the estate continues to diminish; and (4) there is no likelihood the debtor will be able to successfully rehabilitate itself, satisfying the requirement of 11 U.S.C. Section 1112(b), we grant the motions to dismiss the debtor's petition.

Debtor filed its Petition under Chapter 11 of the Bankruptcy Code on February 28, 1985. Debtor is a Vermont partnership, comprising four general partners, that owns apartment houses and commercial space held for rent in the Town of Norwich, Vermont. One of the lessees of the rental space is a related corporation, Earthwork's Greenhouses, Inc. (EGI). EGI is owned equally by the individual partners in this case. EGI is also in reorganization before this Court.

With the exception of some machinery, equipment, and supplies used in its business, debtor owns one asset, a parcel of real property with buildings thereon, located in the Town of Norwich, Vermont. Debtor's petition values the real property at $830,000.00, encumbered by three mortgages amounting to $380,619.00. At the

time of filing, debtor was in arrears one mortgage payment to the 1st (Melendy) and 2nd (DSB) mortgagees. Debtor's reports do not indicate whether it is in arrears to the 3rd mortgagee, Vermont Rehabilitation Corporation (VRC). No payments have been made to any of the mortgagees since December of 1984 (Statements of Secured Obligations filed by debtor). To the date of this Order, the case has been pending over eleven (11) months and the secured creditors have been waiting over thirteen (13) months for any payment to come from the debtor. Meanwhile, interest and late charges continue to accrue on the debts. The position of the creditors continues to erode as the life of the debt lengthens without any appreciable increase in the likelihood of satisfaction.

Other post-petition obligations continue to accrue. Property taxes totalling $8,452.00 are outstanding for 1984. None are reported to have been paid for 1985. One entity, however, has received funds from the debtor. That entity, known as Earthwork's Greenhouses, Inc. (EGI), is wholly owned by the four partners of the debtor. EGI has received over $20,450.00 during the period December 1984 to October 1985. Because the reports filed by the debtor are incomplete, we cannot compute the exact mathematical relationship between the transfers to EGI and the total gross receipts of the debtor. A rough estimate indicates that more than 60% of all debtor's reported income has been transferred from the debtor to EGI. According to the representations of debtor's counsel, EGI rents space from the debtor.

When the debtor failed to file its Plan of Reorganization within the prescribed time, then Bankruptcy Judge, Charles J. Marro, sua sponte, ordered the Plan filed by June 28, 1985.

Debtor succeeded in obtaining an extension of time to September 1, 1985 to file its Plan. It has so done, but without a Disclosure Statement or any financial data to support the Plan. None of its filed operating reports has been filed on time. Since the date of the hearing in November, debt-

or has failed to file any of the operating reports required by Order of this Court dated May 1, 1985.

The motions came on for hearing on November 15, 1985. Both motions ask the Court to dismiss the petition on the following grounds:

1) Payments are being made to Earthwork's and these payments represent a diversion or misappropriation of estate assets;

2) The Petition was not filed in good faith;

3) The estate continues to diminish under the debtor; and

4) There is no likelihood the debtor will be able to successfully reorganize and rehabilitate its business.

The grounds asserted by the movants have their statutory footing in 11 U.S.C. Section 1112(b):

(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

The debtor states in opposition to the motions that the "reason for these transfers (to EGI) is that management of these cases is intermingled and intertwined and it is necessary in order to make a successful reorganization of both cases that the debtor [referring to EGI] have use of these monies." Yet, at the hearing, debtor's counsel argued against consolidation or joint administration of the two cases "because the creditors [of each] are separate and distinct." "Self interest speaks all sorts of tongues and plays all sorts of roles." Francois Duc de La Rochefou-

cauld, *Reflections; or Sentences and Moral Maxims* (1678).

■ Nowhere do we find EGI to be a creditor of the debtor's. Nowhere do we find EGI paying rent to debtor. Nowhere do we find, nor have we heard from debtor, a satisfactory explanation of the payment to EGI. In our experience, with the exception of some development-type corporations, this is the first time we have seen a landlord pay a tenant for the privilege of leasing from it. We find only self-interest on debtor's part—self-interest to the detriment of the creditors and the estate sufficient to question the debtor's good faith. We cannot condemn this type of behavior strongly enough. The evidence and the court records before us reveal a serious judicial impairment of the claims of the creditors, *In re Kors,* 13 B.R. 676, 5 CBC 2d 190 (Bkrtcy.D.Vt.1981), and a breach of the debtor's fiduciary duty to the estate by virtue of its payments to EGI. The transfers should have been used to pay post-petition priority expenses and the post-petition obligations of the debtor rather than to save EGI, the wholly-owned entity of the debtor's principals.

The debtor eloquently argues that DSB played a large part in causing the debtor to file for relief under Chapter 11, yet debtor provides no evidence, only naked allegations. Debtor, at the hearing and in written response to DSB's motion, raised the possibility that DSB was unsecured, but again presented no evidence on the issue, only rhetoric and allegations. We find debtor's defenses and allegations to be without merit or unsubstantiated.

It is well settled that moving creditors have the burden of proof. *Matter of Denrose Diamond,* 12 BCD 1293, 49 B.R. 754, (Bkrtcy.S.D.N.Y.1985); *In re Photo Promotion Associates, Inc.,* 12 BCD 1121, 47 B.R. 454 (S.D.N.Y.1985). The debtor, through its own motion in opposition and its representations at hearing, has carried the burden of the movants on the first and second grounds for dismissal.

■ Section 1112(b) requires only a showing of "cause." Determination of whether sufficient cause has been shown to dismiss a case rests in the sound discretion of the Court. *In re Economy Cab & Tool Co., Inc.,* 44 B.R. 721 (Bkrtcy.D.Minn. 1984). We find that cause exists here for dismissal or conversion.

■ As to the third and fourth grounds of the motions to dismiss, the debtor again provides the evidence to support the motions. The debtor continues to show negative cash flow on its post-petition reports. The debtor's negative cash flow results from excess transfers to a controlled entity, EGI. If the cash transfers had been applied to post-petition payments to secured creditors, instead of EGI, the first lienholder would have received its full monthly payment, the second lienholder part of its monthly payment, and the third lienholder nothing. If the secured lienholders cannot be fully satisfied each month from the gross receipts of the business, nothing remains in the hands of the debtor to satisfy the accruing property taxes. The foregoing analysis can lead to only one conclusion: the estate continues to disappear. To satisfy 11 U.S.C. Section 1112(b)(1) requires the additional finding that there is no reasonable likelihood of rehabilitation. Rehabilitation is not reorganization. Reorganization encompasses rehabilitation and may contemplate liquidation. Rehabilitation, on the other hand, may not include liquidation. As the term is used in section 1112(b)(1), it means "to put back in good condition; re-establish on a firm, sound basis." *In re Kors,* supra; *In re L.S. Good and Company,* 8 B.R. 315, 3 CBC2d 785 (Bkrtcy.N.D.W.Va.1980). The two largest secured creditors have indicated they will reject the proposed plan and, therefore, the debtor will be required to invoke the "cram-down" provision of 11 U.S.C. Section 1129(b). Our cursory review of the plan, unsupported at the present time by adequate financial data, reveals a scheme with such significant modification of creditor rights that the only conclusion we can reach is that the debtor will be

unable to effectuate it. For this debtor, rehabilitation is an impossible dream.

 The totality of the facts support a finding for dismissal of debtor's Chapter 11 petition. The Court has wide discretion to make an appropriate disposition under Section 1112(b). House Report No. 95–595, 95th Cong., 1st Sess. 405 (1977), U.S.Code & Admin.News 1978 p. 5787. As a matter of law, the Court may, in its discretion, convert a Chapter 11 case to a liquidation case under Chapter 7 even if a party in interest, as here, has moved only for dismissal. 11 U.S.C. Section 1112(b). We are required, however, to consider the alternatives to dismissing the debtor's Chapter 11 petition. *Banque de Financement, S.A.V. First National Bank of Boston*, 568 F.2d 911 (2nd Cir.1977). The alternatives must be viewed from the vantage point that is in the best interest of the creditors and the estate. *In re Tolco Properties, Inc.*, 6 BCD 913, 6 B.R. 482, 3 CBC 2d 100 (Bkrtcy.E.D.Va.1980). See also King, Chapter 11 of the 1978 Bankruptcy Code, 53 American Bankruptcy Law Journal 107.

 We decide that dismissal of the petition will provide the fairest result to all parties and the estate. Debtor has alleged in various proceedings filed with this Court causes, such as negligence, breach of contract, and interference in a fiduciary relationship, which would be better decided by the Vermont State Courts. In addition, the three secured creditors will be allowed to pursue their remedies at law and in equity without the additional delay prompted by the appointment of a trustee in a Chapter 7 proceeding.

Finally, this is a one asset case, a relatively simple real estate entity. We see no reason to allow this entity, dead in the water, to continue the case to the detriment of its creditors. It is time to sound the death knell. Accordingly,

It is ORDERED that the motions of Dartmouth Savings Bank and the Sherman W. Melendy Estate to dismiss debtor's petition be GRANTED.