**In re FISHER & SON, INC., Debtor.**

**Bankruptcy No. 2–86–01494.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Nov. 3, 1986.

F. Richard Heath, Hite & Hite, Utica, Ohio, for debtor.

Christopher D. Trail, Porter, Wright, Morris & Arthur, Columbus, Ohio, for TransOhio Savings Bank.

Gerald Portugal, Columbus, Ohio, for Robert and Gladys Ervin.

## ORDER DENYING MOTION TO CONVERT, OR IN THE ALTERNATIVE TO APPOINT A TRUSTEE

B.J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion filed by TransOhio Savings Bank ("TransOhio"), a creditor in this case, seeking to convert this case to one under Chapter 7 of the Bankruptcy Code or to have a trustee appointed. The motion was tried to the Court.

The Court notes that this case began on April 17, 1986 as an involuntary case under Chapter 7 of the Bankruptcy Code. On August 27, 1986, the debtor Fisher & Son, Inc. consented to an order for relief under Chapter 7 and simultaneously exercised its right to convert the case to one under Chapter 11. Since that date the debtor has been a debtor-in-possession under Chapter 11. TransOhio now seeks to have a trustee appointed in the Chapter 11 case or to reconvert the case to one under Chapter 7 with its automatic procedures for the appointment of a trustee.

■ The appointment of a trustee pursuant to 11 U.S.C. § 1104 is an extraordinary remedy, and a strong presumption exists in favor of continuing a debtor-in-possession in control and management of its estate. *In re Tyler*, 18 B.R. 574 (Bankr.S.D.Fla. 1982). The statutory grounds for such an appointment require a showing of "cause", by clear and convincing evidence, or a showing that the best interests of creditors, equity-security holders or other interests of the estate are thereby served. 11 U.S.C. § 1104(a).

■ In support of its allegations that "cause" exists for the appointment of a trustee under the provisions of Chapter 11, TransOhio established that shareholder/principals of this debtor have occupied property of the debtor and of this estate without payment of appropriate rents. However, there was no showing of bad faith, fraud, gross mismanagement or other egregious behavior by this debtor. Considered in its entirety, therefore, the evidence did not establish cause for the appointment of a trustee by the clear and convincing measure required. *Official Creditors' Committee v. The Liberal Market, Inc. (In the Matter of The Liberal Market, Inc.)*, 13 B.R. 748 (Bankr.S.D.Ohio 1981).

■ In support of the appointment of a trustee to serve the best interests of creditors pursuant to § 1104(a)(2), testimony indicated that an independent third party might have some advantage in securing financing to complete the partially finished residences which comprise this estate. Such completion and subsequent sale could thereby realize greater values for the benefit of creditors than a liquidation of the properties in their current state. Given the additional level of administrative expenses which would thereby result, however, the Court believes, at this time, that the best

interests of creditors are not served by the appointment of such a trustee.

■ TransOhio's motion to appoint a trustee in this Chapter 11 case is premature. The 120–day exclusive period within which only the debtor may file a plan has not yet expired, and will not expire until late December 1986. Creditors are active in this case and should be able to force maximization of the value of the debtor's assets. The debtor and creditors alike agree that liquidation of the properties is an appropriate and likely goal, and the Court believes that the debtor is currently better able to accomplish this than is a third party unacquainted with either potential purchasers or with the attributes of the debtor's partially completed residential dwellings.

■ TransOhio's alternative motion to convert this case to a Chapter 7 case is also premature. Continuing losses to this estate have not been shown, and TransOhio's own appraiser testified that there had been no change in the value of the estate's assets between June of this year and the October 23 date of the trial on TransOhio's motion. This case is too recently initiated for this Court to find that the debtor is unable to effectuate a plan, especially when the contemplated plan will be a liquidating one.

Therefore, the Court finds that conversion of this case to a Chapter 7 proceeding, with its inevitable administrative expenses, is not presently appropriate. Such conversion would be especially problematic given the incompleteness of information regarding the priority and extent of liens and the extent of equity existing in various assets of the estate. Utilization of a Chapter 7 trustee at this time would accordingly impose substantial extra costs upon this estate without a current corresponding benefit to creditors.

■ Denial of TransOhio's motion is, however, premised upon the following conditions incorporated into this order.

1. The shareholder/principals must pay to the debtor-in-possession the agreed-upon rentals for the houses currently occupied.

2. The debtor-in-possession must actively pursue this case, including progressing toward proposal of a plan, securing Court approval for any proposed auction sales, and preparing the necessary disclosure statements in connection with its plan. The debtor-in-possession must also proceed beyond the dynamics of its dispute with TransOhio and must attempt to garner the assets of this estate, including rental payments owed from third parties.

3. The debtor-in-possession must pay the remainder of its conversion fee of $140.00 within five (5) days from October 23, 1986.

4. The debtor-in-possession must timely file its monthly operating reports, and such reports must contain substantially all information required by the Court's order of September 29, 1986.

5. Regular status conferences are to be held in this case, with the first such conference set for Wednesday, November 19, 1986, at 1:30 p.m. in Courtroom 130, United States Courthouse, 85 Marconi Boulevard, Columbus, Ohio.

6. The debtor-in-possession must amend its schedules to include all properties inadvertently omitted, all obligations previously unlisted and any executory contracts not specifically so designated.

In addition to these conditions, the Court encourages interested parties, including the debtor-in-possession and the appropriate regulatory agencies, to take steps to resolve the problems inherent in the existence of the three properties which are in the early stages of construction and are not sufficiently secured to prevent danger to third parties.

Based upon the foregoing, TransOhio's Motion to Convert, or in the Alternative to Appoint a Trustee, is hereby denied without prejudice to TransOhio or any party in interest subsequently reapplying for such relief should circumstances change or upon

the basis of facts not currently before the Court.

IT IS SO ORDERED.