**In re PROVIDENCE TELEVISION LIMITED PARTNERSHIP, d/b/a WSTG–TV 64, Debtor.**

Bankruptcy No. 86 B 5387.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 19, 1987.

Towbin & Zazove, Ltd., Chicago, Ill., for debtor.

Altheimer & Gray, Chicago, Ill., for creditors committee.

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter is before the Court on the Motion of the Official Creditors' Committee ("Committee") to Convert this Case to one under Chapter 7 pursuant to § 1112(b) of the Bankruptcy Code (11 U.S.C. § 101 *et seq*). Section 1112(b) provides in part that:

> (b) ... [O]n request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, ...

The Committee claims that there is no likelihood of the debtor's rehabilitation and, the debtor is unable to effectuate any plan of reorganization other than a plan of liquidation. The debtor responded is that it is actively investigating the acquisition of a new television station for the purposes of providing a Chapter 11 plan. In the meantime it has been collecting cash and trade receivables, and completing the sale of the station. The Committee's position is that the Court, upon the presentation of a motion to convert must notice a hearing. The debtor claims that a hearing would be costly and would have a negative impact on the debtor's efforts to reorganize, to wit, purchase a television station. Still the Committee insists that notice of a hearing on their motion must be sent.

The Committee points to *In re Mead*, 28 B.R. 1000, 1003 (E.D.Pa.1983) to support its position. In *Mead*, the Court held that a case could not be reconverted without prior giving of notice and the opportunity to be heard. However, *Mead* does not stand for the proposition that a Court is compelled to

schedule a hearing whenever a motion to convert is presented, and therefore the Committee's reliance on this case is misplaced. *Accord In re Associated Real Estate Technicians, Inc.*, 32 B.R. 306 (Bankr. S.D.Ohio 1983).

■ The Court has broad discretion in the area of conversion and dismissal. *In re Jartran Inc.*, 71 B.R. 938 (Bankr.N.D.Ill. 1987); *In re Macon Prestressed Concrete Co.*, 61 B.R. 432 (Bankr.M.D.Ga.1986); *In re Ledges Apartments*, 58 B.R. 84 (Bankr. D.Vt.1986); *In re Sheehan*, 58 B.R. 296 (Bankr.D.S.D.1986). Concomitant with the Court's discretion over the subject matter of the motion is its right to determine whether it would be an appropriate time to schedule a hearing. Absent such authority a Bankruptcy Judge would be without appropriate means of fulfilling "the responsibility of managing cases before him in such a way as to promote the objectives and goals of the Bankruptcy Code." *In re Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 373 (5th Cir.) *cert. granted,* ⎯ U.S. ⎯, 107 S.Ct. 2459, 95 L.Ed.2d 868 (1987). Bankruptcy Court judges must "control their cases in such a way as to promote fairness to the parties and judicial economy." *Id.* at 374. Discretion to determine whether or not to schedule a hearing on a motion to convert or dismiss a case is certainly an important way of controlling the burgeoning litigation in this Court.

■ Certain hearings must be held and the Code does not permit discretion in the scheduling of these hearings. *See, e.g.,* § 1113(d)(1) ("Upon the filing of an application for rejection [of a collective bargaining agreement] the Court shall schedule a hearing not later than fourteen days after the date of the filing of such application.") *See also* § 1128(a) and § 1324 ("After notice, the Court shall hold a hearing on confirmation of a (the) plan"). Had Congress intended to strip the Court of its discretion under § 1112, the statute would have so provided. Where Congress knows how to say something and chooses not to, its silence is controlling. *NLRB v. Bildisco*

*& Bildisco,* 465 U.S. 513, 522–523, 104 S.Ct. 1188, 1194, 79 L.Ed.2d 482 (1983).

■ This Court finds that it does have discretion to determine whether or not to schedule a hearing on notice of a motion to convert, or dismiss a case. The Court must determine how to exercise that discretion by an examination of the facts.

■ Prior to the commencement of this case and the entry of the order for relief under Chapter 11 the debtor owned and operated a television station. Since then the station and its equipment has been sold and if the debtor can locate a new television station it may have a means of executing an operating plan of reorganization. The debtor claims that if it is successful in its efforts, creditors will receive an opportunity for a greater return than they would under a liquidation. Even if those efforts prove unsuccessful, the debtor alleges that it can liquidate the estate more efficiently and economically than a trustee under Chapter 7. *See In re Jartran*, 71 B.R. 938, 942 n. 6 (Bankr.N.D.Ill.1987); *In re Fisher & Son, Inc.*, 70 B.R. 7, 9 (Bankr.S.D.Ohio 1986). So long as the debtor's efforts in this regard are continuing, this Court believes that the debtor is working with the creditors interests in mind. Therefore, the Committee's motion is premature and will be denied.

NOW THEREFORE, IT IS ORDERED that the Creditors Committee's Motion to Convert this Case to one under Chapter 7 is hereby denied without prejudice to its renewal.