**In re A.P. HALLUM & Betty Jean Hallum, Ind. & d/b/a Mountain Creek Nursery, Debtors.**

**Bankruptcy No. 1–82–00848.**

United States Bankruptcy Court, E.D. Tennessee.

April 27, 1983.

Robert S. Peters, Swafford, Davis, Peters & O'Neal, Winchester, Tenn., for debtors.

John C. Littleton, Asst. U.S. Atty., Eastern District of Tennessee, Chattanooga, Tenn., for United States of America.

MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The debtors, A.P. and Bettye Hallum, are in the plant-nursery business. They filed a petition in bankruptcy for reorganization under Chapter 11 of the Bankruptcy Code (11 U.S.C.).

The Farmers Home Administration filed a claim for nearly $3,000,000 as of the date the bankruptcy petition was filed. The claim was filed as secured on the basis of deeds of trust on the debtors' real property and security interests in their equipment, crops, and livestock.

The debtors filed a disclosure statement and proposed plan of reorganization. The court approved the disclosure statement. The government rejected the proposal as to the claim of the Farmers Home Administration and objected to confirmation of the plan.

The plan provides that Farmers Home Administration will be paid on its secured claim the value of the collateral in which it has a validly perfected lien, plus interest at the rate provided in the earliest promissory note. This proposal was drafted to meet the requirements for confirmation of the plan without the consent of the government. 11 U.S.C. §§ 502, 506(a), 1124(3), 1129(a)(8), & 1129(b)(2).

Appraisals accompanying the disclosure statement and proposed plan valued the government's collateral at a maximum of about $1,400,000. Thus, the government would have an allowed secured claim of about $1,400,000 to be paid according to the provision mentioned above. The remaining claim of about $1,600,000 would be an unsecured claim. It would not be paid in full since the plan provides that only unsecured

claims of less than $5,000 will be paid in full.

The government, however, gave notice that it elected to have its claim treated under § 1111(b)(2). It provides that a secured creditor who elects will have its claim allowed as secured to the full extent it is allowed. In other words, the amount of the allowed claim, rather than the value of the collateral, becomes the amount of the allowed secured claim. The government would have an allowed secured claim of about $3,000,000.

The court ordered a valuation hearing to determine the value of the government's collateral. The parties relied on the appraisals mentioned above. The court ordered the parties to submit briefs on the question of whether the government is entitled to elect treatment of its claim under § 1111(b)(2).

In the debtors' brief, they apparently challenge part of the government's claim, but there has been no formal objection to be ruled upon.

The only question before the court is whether the government can elect under § 1111(b)(2). If it can, the proposed plan cannot be confirmed, and there is no need for further proceedings as to it. 11 U.S.C. § 1124 & § 1129(b)(2)(A).

Section 1111(b) provides:

(1)(A) A claim secured by a lien on property of the estate shall be allowed or disallowed ... the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse, unless—

(i) the class of which such claim is part elects, by at least two-thirds in amount and more than half in number of allowed claims of such class, application of paragraph (2) of this subsection; or
(ii) such holder does not have such recourse and such property is sold under section 363 of this title or is to be sold under the plan.

(B) A class of claims may not elect application of paragraph (2) of this subsection if—

(i) the interest on account of such claims of the holders of such claims in such property is of inconsequential value; or
(ii) the holder of a claim of such class has recourse against the debtor on account of such claim and such property is sold under section 363 of this title or is to be sold under the plan.

(2) If such an election is made, then notwithstanding section 506(a) of this title, such claim is secured to the extent that such claim is allowed.

Subparagraph (1)(B) determines who may elect to be treated as fully secured. It eliminates inconsequential allowed secured claims and claims secured by property that has been sold or will be sold under the plan of reorganization.

The value of the government's collateral is not inconsequential. The property also has not been sold and is not to be sold under the proposed plan.

The result is that there in only one question regarding the government's right to elect to be treated as fully secured. Section 1111(b) refers to election by the class of secured claims. Does this mean that a single secured creditor cannot elect?

Section 1111(b) refers to election by a class of secured claims because there may be a class of secured claims. Generally, however, each secured claim is in a class by itself.

Ordinarily each holder of an allowed claim secured by a security interest in specific property of the debtor must be placed in a separate class. There are, however, exceptions to this rule. 5 Collier on Bankruptcy ¶ 1122.03[6] (15th ed. 1982).

Several creditors with liens of the same priority in the same property can be classified together. *In re Martin's Point Limited Partnership*, 12 B.R. 721, 8 B.C.D. 40 (Bkrtcy.N.D.Ga.1981). See also *In re Sullivan*, 7 C.B.C.2d 513 (Bkrtcy.W.D.N.Y.1982); Klee, All you Ever Wanted to Know about Cram Down under the New Bankruptcy

Code, 53 Am.Bankr.L.J. 133 (1979). No doubt, there are other situations in which secured claims can be classified together, but the immediate question must be whether the government's secured claim can be classified by itself or is necessarily part of some class.

There was no evidence that the government's secured claim is in some unknown class which must elect whether or not to be treated as fully secured under § 1111(b)(2). Indeed, the government's secured claim appears to be unique in that it alone is secured by first priority liens on all or almost all the debtors' business property.

The court concludes that the government was entitled to elect treatment of its secured claim under § 1111(b)(2). It follows that the plan as proposed cannot be confirmed, and the court will enter an order accordingly. Debtors will be allowed thirty days within which to file a new plan or the case will stand dismissed.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.