**In re Carlyn Lesley JEHLE, Debtor.**

**Bankruptcy No. 8500298.**

United States Bankruptcy Court,
D. Rhode Island.

April 16, 1987.

Russell D. Raskin, Raskin & Berman, Providence, R.I., for debtor.

Gerrard F. Kelley, Boston, Mass., for the U.S. trustee.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on March 5, 1987, on the United States Trustee's motion for reconsideration and for an order vacating the voluntary dismissal of the debtor's Chapter 11 case, on the ground that the debtor had not paid the minimum quarterly fee now required of all Chapter 11 debtors. The debtor objects to the motion. For the following reasons, the motion of the United States Trustee is denied.

Debtor's motion to dismiss her Chapter 11 case was filed on March 14, 1986, but because of an objection by a creditor asserting a claim which the debtor disputed, no action was taken on the motion at that time. Debtor renewed her motion to dismiss in November, 1986, and all creditors and the United States Trustee were given notice that they had until December 22, 1986, to object to the dismissal. Because no objections were filed, the motion to dismiss was granted, and an order to that effect was entered on December 29, 1986, pursuant to Local Bankruptcy Rule 10.

The Bankruptcy Judges, United States Trustees, and Family Farmers Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3088 (1986) amended 28 U.S.C. § 1930 by requiring a quarterly fee to be paid in every Chapter 11 case until a plan is confirmed or the case is converted or dismissed. The fee is based on the amount of funds disbursed in any quarter. The minimum quarterly fee is $150. The amendments to § 1930 became effective on November 26, 1986. Debtor's Chapter 11 case was pending on that date and, therefore was subject to the quarterly fee requirement. However, the facts are that the fee was not paid in this case, the United States Trustee did not object to debtor's motion for a voluntary dismissal, and the motion was granted and the case was dismissed, as a formal matter, pursuant to Local Rule 10.

We are now asked by the United States Trustee to vacate the dismissal, and to order the debtor to pay the quarterly fee before the case may be dismissed.[1] The argument advanced by the United States Trustee is that § 1930 imposes a mandatory obligation upon the debtor, and that the United States Trustee has no discretion to waive the fee.[2] While stressing the nondiscretionary nature of the United States Trustee's duties in regard to collection of the quarterly fee, she concedes that the decision to reopen a case is discretionary.

We agree with the United States Trustee that the decision to reopen is within the discretion of the Court, but we do not feel that the debtor's failure to pay the fee is sufficient cause, in this instance, to reopen pursuant to 11 U.S.C. § 350. No good cause has been shown which would excuse the United States Trustee's failure to file a timely objection. Implicit in that finding is the conclusion that if the United States Trustee "forgot," or that the matter fell through the cracks, that is not sufficient to entitle the movant to the relief sought. This is a familiar and uncomplicated ruling, which does not require citation.

The charges imposed by § 1930(a)(6) for Chapter 11 debtors are new, and the United States Trustee is apparently experiencing problems in establishing procedures to accommodate these new requirements. While such administrative problems are certainly understandable, they do not provide sufficient cause to reopen this case. To adopt the United States Trustee's position would shift responsibility, and would, in effect, make the Bankruptcy Court the ultimate collection agent for the United States Trustee. This Court is not willing to assume such a role. Since the recovery of the fees in question is for the exclusive benefit of the United States Trustee, the least that agency can do is to monitor the

---

1. The United States trustee's motion has a certain Catch–22 flavor. If the order of dismissal were vacated, debtor would then be in a new quarter, and so would be subject to an additional minimum quarterly fee, (which, according to the United States Trustee, may not be waived), for a total of $300.

2. In our view the correct way to describe the situation is, not that there has been a voluntary waiver of the fee by the United States Trustee, but that the United States Trustee has lost its right to collect the fee in question, through a judicial determination to that effect.

cases where fees are unpaid, and to file timely objections to motions that threaten such collection. In the absence of extenuating circumstances (not present here), this Court should not intervene to bail the United States Trustee out of the situation in which it has single-handedly placed itself. The debtor in this case acquired a legal advantage when the United States Trustee neglected to protect its rights, and it is not a proper function of the Court to assume a partisan stance in aid of a governmental agency, which would deprive the debtor of the benefit of said legal advantage. Accordingly, the motion to vacate the dismissal is denied.