In re William and Vesta
PRINES, Debtors.

UNITED STATES TRUSTEE, Appellant,

v.

William and Vesta PRINES, Appellees.

Civ. 87–4134.

United States District Court,
D. South Dakota, S.D.

Dec. 30, 1987.

Andrew J. Schmid, Minneapolis, Minn., for appellant.

Clair R. Gerry, Sioux Falls, S.D., for appellees.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, District Judge.

The issue in this bankruptcy appeal is whether the quarterly United States Trustee fees provided for by 28 U.S.C. Section 1930(a)(6) can be collected in Chapter 11 bankruptcy cases which were pending prior to the section's effective date. I hold that they can be so collected.

## FACTS

Appellees William and Vesta Prines filed their Chapter 11 petition on August 14, 1986. They filed their plan of reorganization and disclosure statement in December of 1986. On March 10, 1987, appellant filed a motion to compel reporting of disbursements and the payment of the quarterly fees pursuant to section 1930(a)(6). The motion was heard, and the Bankruptcy Court entered its Findings of Fact and Conclusions of Law and Order denying the motion on July 23, 1987. Appellant appeals therefrom.

The Bankruptcy Court stated two grounds for denying appellant's motion. First, the court held that Congress did not intend to apply section 1930(a)(6) fees to cases filed before the section's effective date. Second, the court held that to charge debtors in South Dakota and other pilot districts section 1930(a)(6) fees, while debtors in Iowa and Nebraska, and other non-pilot districts, were not assessed the fees, would not be an equal application of the

section. Additionally, appellee argues that charging debtors who filed their cases prior to the section's effective date section 1930(a)(6) quarterly fees amounts to an unconstitutional taking.

These three issues raise questions of law, and the Bankruptcy Court's decision will be reviewed *de novo. Wegner v. Grunewaldt*, 821 F.2d 1317 (8th Cir.1987).

### DISCUSSION

28 U.S.C. section 1930(a)(6) was adopted by Congress as part of the Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3088 (1986) (the Act). The United States Trustee portion of the Act expanded the scope of the United States Trustee Program from the former pilot system, which operated only in certain districts, including South Dakota, to a nationwide system. Along with this change in the scope of the trustee system came a change in its funding. Prior to the Act, the pilot program was funded by taxpayers. The nationwide system, however, is "self-funding and will be paid for by the users of the bankruptcy system—not the taxpayer." H.R.Rep. No. 764, 99th Cong., 2d Sess. 22, *reprinted in* 1986 U.S.Code Cong. & Admin.News 5227, 5234. The statute provides that users of the bankruptcy system pay for the trustee program through increased filing fees and the Chapter 11 quarterly fee payments requirement of section 1930(a)(6). *See* 28 U.S.C. § 589a(b).

Section 1930(a) and the Act's trustee provisions (subtitle A of title II) became effective in districts that participated in the United States Trustee Pilot Program, such as South Dakota, on the Act's general effective date of November 26, 1986. *Id.* at § 302(a). In districts that were not formerly served by the pilot program, but were appended to pilot program districts, such as Iowa, section 1930(a)(6) and the Act's trustee provisions became effective 270 days after the Act's general effective date or 30 days after the Attorney General certified the district, whichever occurred earlier. *Id.* at § 302(d)(1). In districts where the trustee program is being newly instituted, such as Nebraska, section 1930(a) and the trustee provisions do not go into effect until two years after the Act's general effective date or thirty days after the Attorney General certifies the district, whichever occurs first. *Id.* at § 302(d)(2).

2.

Section 1930(a) reads, in pertinent part, as follows:

"Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the court the following filing fees:

(1) For a case commenced under Chapter 7 or 13 of title 11, $90.

.    .    .    .    .

(3) For a case commenced under chapter 11 of title 11 ..., $500.

.    .    .    .    .

(5) For a case commenced under chapter 12 of title 11, $200.

(6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee shall be $150 for each quarter in which disbursements total less than $15,000; $300 for each quarter in which disbursements total $15,000 or more but less than $150,000; $750 for each quarter in which disbursements total $150,000 or more but less than $300,000; $2,250 for each quarter in which disbursements total $300,000 or more but less than $3,000,000; $3,000 for each quarter in which disbursements total $3,000,000 or more. The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed."

Section 302 contains the effective date provision of the statute. Subsection (e)(3) provides that:

This Act and the amendments made by section 117(4) of this Act shall not be construed to require the payment of a

fee under paragraph (6) of section 1930(a) of title 28, United States Code, in a case under title 11 of the United States Code for any conduct or period occurring before such paragraph becomes effective in the district in which such case is pending.

The Act's legislative history clearly states that "[t]he increased filing fees will not apply to cases commenced before the effective date of [the Act]...." H.R.Rep. No. 764, 99th Cong., 2d Sess. 29, *reprinted in* 1986 U.S.Code Cong. & Admin.News 5227, 5242. The history is silent, however, as to the intended applicability of the quarterly fee requirement to cases commenced before the Act's effective date.

### 1. Congressional Intent

Appellee argues that because Congress included the provision for quarterly fees under the same section as filing fees, and used the introductory language: "... the parties *commencing a case* under title 11 shall pay to ... the clerk of the bankruptcy court ... the following *filing fees;*" (emphasis mine), the entire section should be construed to apply only to bankruptcy cases *commenced* after November 26, 1986.

■ Construing the provisions of section 1930(a) and section 302(e)(3) together, it is clear that Congress did not intend any correlation between the payment of filing fees and the payment of quarterly fees. It follows that the phrase "commencing a case" applies only to filing fees. The event that triggers liability for the quarterly fees is, by the terms of the Act, the effective date of the United States Trustee program in the jurisdiction and not the filing date of the case.

Because the United States Trustee program was in effect in South Dakota on November 26, 1986, the quarterly fees established by section 1930(a)(6) became payable on that date.

### 2. Equal Protection

■ While I agree with the Bankruptcy Court that collecting section 1930(a)(6)'s quarterly fees in South Dakota prior to collecting them in such other states as Iowa and Nebraska is not an equal application of the statute, unequal application alone is not enough to find that a statute denies equal protection of the law. Because bankruptcy legislation does not affect any fundamental rights, section 1930(a)(6)'s fee structure does not violate equal protection if it bears a rational relationship to a legitimate governmental interest. *Schweiker v. Wilson,* 450 U.S. 221, 230, 101 S.Ct. 1074, 1080–81, 67 L.Ed.2d 186 (1980); *United States v. Kras,* 409 U.S. 434, 446, 93 S.Ct. 631, 638, 34 L.Ed.2d 626 (1973). I find that the governmental interest in establishing a nationwide self-supporting trustee system is legitimate. I also find that collecting section 1930(a)(6) fees only from debtors operating under a functional trustee system is rationally related to that interest.

### 3. Taking

■ Appellees argue that because their Chapter 11 case was filed before section 1930(a)(6) went into effect, applying it to their case would amount to an unconstitutional taking. As the language of section 302(e)(3) makes plain, however, section 1930(a)(6) applies prospectively only. "A statute is not made retroactive merely because it draws upon antecedent facts for its operation." *Cox v. Hart,* 260 U.S. 427, 435, 43 S.Ct. 154, 157, 67 L.Ed. 332 (1922). Because section 1930(a)(6) fees do not apply retroactively, they cannot constitute an unconstitutional taking.

### ORDER

Upon the foregoing,

IT IS ORDERED:

(1) That the decision of the Bankruptcy Court denying the U.S. Trustee's Motion for Order Directing Payment of Quarterly Fees, filed on July 23, 1987, is reversed.

(2) This matter is remanded to the Bankruptcy Court for further proceedings consistent herewith.