**In the Matter of The MOTORWORKS, INC., Tax ID# 58–1550273, Debtor.**

**Bankruptcy No. 487–00127.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Feb. 12, 1988.[1]

Julian H. Toporek, Savannah, Ga., for debtor.

Mike Donovan, Savannah, Ga., for Dearing Leasing.

Kenneth Etheridge, Asst. U.S. Atty., Savannah, Ga., for IRS.

Jack Usher, Savannah, Ga., Asst. U.S. trustee.

### ORDER DISMISSING CASE

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

This matter came on for hearing before the Court on the Motion of the Debtor to dismiss this case or in the alternative to convert same to a Chapter 7 liquidation. Appearances were entered on behalf of Dearing Leasing, Inc., the Internal Revenue Service and the United States Trustee. Both Dearing Leasing, Inc., and the Inter-

---

**1.** This day marks the 255th anniversary of the founding of the colony of Georgia, at Savannah, by General James Edward Oglethorpe. Oglethorpe brought settlers to this colony who had been imprisoned in England for non-payment of debt in a humanitarian effort to give them what

I would argue is the ultimate "fresh start". Should he revisit us today I trust he would be well pleased by the way in which the tradition he started in this country has evolved and is being administered. No doubt he would, at the very least, concur in the result reached here.

**662**

nal Revenue Service expressed their desire to have the case dismissed. The United States Trustee objected to the dismissal on the ground that the quarterly fees required by 28 U.S.C. § 1930(a)(6) have not been paid for the last five quarters.

It appears to the Court that the Debtor has not filed a plan and there is no likelihood of its being able to do so in the future. Thus, relief under Chapter 11 is not feasible. Accordingly, the Debtor has made a *prima facie* case for dismissal under 11 U.S.C. Section 1112(b). It also appears that in a Chapter 7 liquidation there would be few, if any, assets to administer.

This leaves the objection of the United States Trustee, which I find to be unfounded. There is no difference between these quarterly fees and any other administrative expenses which may remain unpaid in an unsuccessful Chapter 11 case. See 11 U.S. C. § 503(b); § 507(a)(1). Non-payment of these fees constitutes cause for a party in interest, including the United States Trustee, to move for dismissal of the case under 11 U.S.C. § 1112(b)(10). I am incapable of performing the mental gymnastics necessary to find that non-payment of these fees could constitute cause for dismissal, and simultaneously, cause for refusal to dismiss, as urged by the United States Trustee. If I adopted such a rule, a debtor with no funds to devote to his Chapter 11 plan and no possibility of reorganization could be imprisoned against his will in a Chapter 11 that is headed no where. Presumably, if the Debtor never had sufficient funds to pay these fees, the case would remain pending forever as the amount due increased from quarter to quarter.

The result would be no more desirable for creditors in the case. They would be stayed by 11 U.S.C. Section 362 from pursuing any state law remedy for an indefinite period simply because the fees could not be paid, and would have no long-term prospect of recovery under the Bankruptcy Code either.

Such a harsh result is not defensible on either policy grounds or any reasonable interpretation of applicable law.

IT IS THEREFORE ORDERED that the within Chapter 11 case be, and the same is, dismissed.