**In re Robert L. ROSE, Debtor.**

**Bankruptcy No. 87–03516F.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 10, 1988.

Kevin William Gibson, Rudolph, Seidner, Goldstein, Rochestie & Salmon, P.C., Philadelphia, Pa., for debtor, Robert L. Rose.

James J. O'Connell, Asst. U.S. Trustee, Philadelphia, Pa., Objector.

Edward S.G. Dennis, Jr., U.S. Atty., Ina S. Weiner, Sp. Asst. U.S. Atty., Philadelphia, Pa., for I.R.S.

## MEMORANDUM OPINION

BRUCE I. FOX, Bankruptcy Judge:

Before me is the debtor's motion to dismiss his chapter 11 case. The motion is opposed by the United States Trustee who has also filed a motion to convert this case to one under chapter 7. The only basis for the trustee's opposition and his motion is that the debtor has failed to pay all quarterly fees required by 28 U.S.C. § 1930(a)(6). The debtor responds that it should not be forced to remain in a bankruptcy case where no creditors object, solely because it has failed to pay all quarterly fees.

To place this dispute in some context, 28 U.S.C. § 1930(a)(6) represents a recent amendment to § 1930 made by the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, P.L. No. 99–554, enacted October 27, 1986, effective November 27, 1986. Section 1930(a)(6) states:

> (a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, the following filing fees:
>
> \*   \*   \*   \*   \*   \*
>
> (6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee shall be $150 for each quarter in which disbursements total less than $15,000.00; $300 for each quarter in which disbursements total $15,000 or more but less than $150,000; $750 for each quarter in which disbursements total $150,000 or more but less than $300,000; $2,250 for each quarter in which disbursements total $300,000 or more but less than $3,000,000; $3,000 for each quarter in which disbursements total $3,000,000 or

more. The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.

As discussed in the recent decision of *In re Prines*, 82 B.R. 110 (D.S.D.1987), the purpose of § 1930(a)(6) is to make the U.S. Trustees' system self-funding:

> The statute provides that users of the bankruptcy system pay for the trustee program through increased filing fees and the chapter 11 quarterly fee payment requirement of section 1930(a)(6).

*Id,* at 111.

In judicial districts such as the Eastern District of Pennsylvania, both the U.S. Trustee program and the quarterly fee requirement were to be in place within 270 days of the enactment of the 1986 Act. *Id.* This debtor's chapter 11 filing took place at roughly the same time that the U.S. Trustee program was implemented in this district.

To provide an enforcement mechanism for the collection of these quarterly fees, 11 U.S.C. § 1112(b) was also amended in 1986. Upon request of a party in interest, including the U.S. Trustee, a chapter 11 case may either be dismissed or converted to chapter 7 "whichever is in the best interest of creditors and the estate, for cause, including— ... (10) nonpayment of any fees or charges required under chapter 123 of title 28." (Section 1930 is under chapter 123).

The parties agree that the debtor has failed to make all quarterly fee payments to the Trustee, although it is unclear whether one or two payments are delinquent. Moreover, the debtor, through counsel, asserts that the minimum $150.00 quarterly fee is applicable while the Trustee is unsure. After hearing from counsel it seems likely that not more than $300.00 is owed to the Trustee at this point.

The debtor believes that he no longer needs whatever benefits he might derive from chapter 11, is able to pay all of his creditors outside of bankruptcy and wishes

to dismiss his case.[1] The Trustee believes that conversion to chapter 7 is appropriate, for upon conversion it will hold an administrative expense claim which will be paid, as a priority, after chapter 7 administrative expense claims are paid. *See* 11 U.S.C. § 726(b); *In re Dieckhaus Stationers of King of Prussia, Inc.,* 73 B.R. 969, 973 (Bankr.E.D.Pa.1987).

Despite the opportunity to do so, neither the debtor nor the Trustee desired to submit supporting memoranda. My research discloses two decisions relevant to this dispute. Recently, in *In re 1606 New Hampshire Avenue Associates,* 85 B.R. 298, 305–06 (Bankr.E.D.Pa.1988) Judge Scholl of this district conditioned the granting of a motion to change venue upon payment of all due quarterly fees. *Id.,* at 305–06. However, if the fees were not paid within the time established by the court, the case would be dismissed. *Id.,* at 305–06.

■ In *In re Jehle,* 72 B.R. 487 (Bankr. D.R.I.1987), Judge Votolato denied a motion by the U.S. Trustee to vacate an order dismissing a chapter 11 case, (which had been voluntarily dismissed upon motion of the debtor), where the sole ground for the Trustee's motion was that the debtor had not paid all requisite fees under § 1930(a)(6) prior to dismissal. *Jehle* held that the failure of the debtor to comply with § 1930(a)(6) should have been raised by the Trustee in response to the debtor's motion to dismiss. Implicit in such a holding is that the failure to comply with § 1930(a)(6) may be grounds to deny voluntary dismissal.

This implicit conclusion of *Jehle* has strong historical support. Trustees have long been held to have standing to object to the voluntary dismissal of a bankruptcy case when their fees have not been paid. *See e.g., Penick v. Tice,* 732 F.2d 1211, 1212–1213 (4th Cir.1984); *In re Carroll,* 24 B.R. 83 (Bankr.N.D. Ohio 1982); 3 *Collier on Bankruptcy* ¶ 59.34, at 660–661 (14th ed. 1977); 2 Cowan's *Bankruptcy Law and Practice,* ¶ 690, at 422–23 (2d ed. 1978).[2] Given the self-funding purpose behind § 1930(a)(6), the Trustee's express standing under § 1112(b), and the Trustee's statutory functions under 28 U.S.C. § 586(a)(3)(D), I have no difficulty in concluding that the U.S. Trustee has standing to press his demand for quarterly fees, has standing to oppose the voluntary dismissal of a chapter 11 case and that in appropriate circumstances, dismissal should be denied unless the fees are first paid. *See e.g. In re Hall,* 15 B.R. 913, 915 (Bankr. 9th Cir. 1981). *Compare In re Taylor Transport, Inc.,* 28 B.R. 832 (Bankr.N.D. Ohio 1983) (counsel for debtor in possession had no standing to oppose dismissal on ground that its fee would not be paid).

■ The more difficult question is whether dismissal must always be conditioned upon payment of all fees when the U.S. Trustee so insists. To the extent that decisions interpreting the former Bankruptcy Act of 1898 give support to such a requirement, *see e.g. In re Riordan,* 95 F.2d 454 (7th Cir.1938), these decisions were bolstered by statutory provisions such as former 11 U.S.C. § 895.[3] *See Mat-*

---

**1.** I do not pass upon whether the debtor has stated sufficient grounds to voluntarily dismiss his chapter 11 case. *Cf. In re Williams,* 15 B.R. 655, 657 (Bankr.E.D.Mo.1980) (improved financial condition is not sufficient grounds to dismiss a voluntary chapter 7 petition). The Trustee has not raised this issue nor has any creditor. Therefore, in resolving this dispute, I will assume that dismissal is appropriate unless the Trustee's position concerning § 1930(a)(6) is sound.

**2.** The current dispute does not implicate the more litigated question of a trustee's standing to object to a debtor's motion to voluntarily dismiss his case when no creditor objects. *Compare e.g. In re Geller,* 74 B.R. 685, 689 (Bankr.E.

D.Pa.1987) (trustee has standing); *In re Hall,* 15 B.R. 913 (Bankr. 9th Cir.1981) (same) *with In re Wirick,* 3 B.R. 539 (Bankr.E.D.Va.1980) (trustee has standing only to seek his fees).

**3.** Former 11 U.S.C. § 895 provided:

Upon the dismissal of a proceeding under this chapter or the entry of an order adjudging the debtor a bankrupt, the judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in such proceeding prior to such dismissal or order of adjudication by any persons entitled thereto, as provided in this chapter, and shall make provision for the payment thereof and for the payment of all

ter of Georgetown Apartments, 468 F.Supp. 844 (M.D.Fla.1979). There is no counterpart to former § 895 in the current bankruptcy code. Instead, the clear language of § 1112(b)(10) is that the failure to make payments may serve as grounds of dismissal. Indeed, the holding of In re 1606 New Hampshire Avenue Associates implies as much. Thus, the debtor's failure to comply with § 1930(a)(6) does not always preclude the possibility of dismissal of a chapter 11 case even though the U.S. Trustee prefers conversion to chapter 7.

Whether conversion or dismissal is more appropriate is determined by the "best interests of creditors and the estate", 11 U.S.C. § 1112(b), including the interests of the Trustee. On this point the record is virtually silent, as neither the U.S. Trustee nor the debtor presented any evidence. Were I to accept averments of the motion as accurate, the debtor merely alleges that there are eight creditors of the estate, three secured, one tax priority, and four unsecured. The debtor intends to pay creditors outside of bankruptcy through the refinancing of a business and the equitable distribution of property in connection with a divorce. The motion further states that the largest unsecured creditor favors dismissal, and I noted above that no creditor objected to dismissal, despite notice of the motion.

■ With such a scant record, it is difficult to conclude that the interests of all creditors and the Trustee would be better served by dismissal rather than conversion. Without some countervailing evidence offered by the proponent of the motion to dismiss, on whom the burden of persuasion falls, In re Sheehan, 58 B.R. 296, 299 (Bankr.D.S.D.1986), I agree with the conclusion of the Seventh Circuit:

> We see no reason why a bankrupt may not have an adjudication vacated and petition withdrawn where such action is consented to by all of the parties who could possibly have any interest in such proceeding or in the estate of such bankrupt, if such there be. Of course, provision must be made for the payment of proper costs and expenses incurred by officers in such proceedings.

costs. In a case such as here presented, appellant was the one who invoked the jurisdiction of the court and is responsible for the costs incurred thereby.

In re Riordan, at 455.

I have significant discretion in applying the provisions of § 1112(b). See In re Ledges Apartments, 58 B.R. 84, 88 (Bankr. D. Utah 1986); In re Larmar Estates, Inc., 6 B.R. 933, 937 (Bankr.E.D.N.Y.1980). In light of the potential harm to the interests of the U.S. Trustee, the failure of the debtor to demonstrate that dismissal better serves the interests of all creditors than conversion, and the small sum owed to the Trustee, I shall grant the debtor's motion to dismiss only on the condition that he first pay to the U.S. Trustee all fees required pursuant to § 1930(a)(6). In re Gallman, 6 B.R. 1 (Bankr.N.D.Ga.1980) (dismissal conditioned upon payment of administrative expenses); In re Matter of Richards, 4 B.R. 85 (Bankr.M.D.Fla.1980) (same). If these fees are not paid within 15 days, the Trustee's motion to convert to chapter 7 shall be granted.

An appropriate order shall be entered.

## ORDER

AND NOW, this 10 day of June, 1988, upon consideration of the debtor's motion to dismiss and the U.S. Trustee's motion to convert,

it is hereby ORDERED that debtor's motion to dismiss is GRANTED conditioned upon payment of any quarterly fees owed by the debtor to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6). If these fees are not paid within 15 days, then upon application the Trustee's motion to convert to chapter 7 shall be granted.