**In re Tim KVAMME and Teri Kvamme, Debtors.**

**Bankruptcy No. 86–06005.**

United States Bankruptcy Court, D. North Dakota.

Oct. 13, 1988.

See also, Bkrtcy., 91 B.R. 77.

William L. Needler & Assoc., Chicago, Ill., for debtors.

James Maxson, Minot, N.D., for People's State Bank of Velva.

Vicki Aldridge, Fargo, N.D., for USA/FmHA.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matters under consideration are the confirmation of the Debtors' Fourth Amended Chapter 11 plan of reorganization, filed September 9, 1988, and a motion to dismiss filed by the Peoples State Bank of Velva (Bank). The Farmers Home Administration (FmHA) objects to confirmation of the plan, stating that its election under section 1111(b) has not been reflected in the plan. A hearing was held on September 20, 1988.

### 1.

The sole remaining issue regarding plan confirmation is whether the plan adequately treats FmHA's 1111(b) election. With regard to FmHA section V of the plan creates a Class 3 which gives FmHA a secured claim for the amount of the value of its collateral. The balance of the debt to FmHA is treated as an unsecured claim in Class 5. This treatment of FmHA is modified in a subsequent section of the plan. Section VI provides as follows:

3. The secured claim in Class 3 is held by Farmers Home Administration with a balance of $174,234.72. This has been divided into three areas:

A. Cattle with a market value of $45,-400.00 have been amortized over a period of 15 years at 9% interest with payments to commence as soon as the Plan is confirmed, with yearly payments on the same date each year in the amount of $5,632.27, and the balance to be paid in full after 15 years.

B. Machinery with a market value of $5,600 has been amortized over a period of 7 years at 7% interest with payments commencing as soon as the Plan is confirmed and yearly payments on the same date each year thereafter in the amount of $1,112.67, the balance to be paid in full after 7 years.

C. The secured interest that ASCS has will be paid at the time the grain is sold.

The balance of A and B—$123,234.72— is not longer reclassified as unsecured and placed in Class 5 because of the § 1111(b) election. Instead, the claim is treated as entirely secured and treated as such. Pursuant to the election, FmHA shall retain a lien in the amount of $174,235.00

FmHA objects that the plan does not provide for payment of FmHA's total claim of $174,234.72. Section 1111(b)(1) provides that a class may elect to have its claims treated under section 1111(b)(2). Section 1111(b)(2) provides that, "If such an election is made, then notwithstanding section 506(a) of this title, such claim is a secured claim to the extent that such claim is allowed." Thus the amount of the allowed claim, rather than the value of the collateral, becomes the amount of the allowed secured claim. *In re Hallum*, 29 B.R. 343, 344 (Bankr.E.D.Tenn.1983). This provision becomes important when read in conjunction with the cramdown provision of section 1129. In order to confirm a plan over the objection of a secured creditor, section 1129(b)(2)(A)(i)(II) requires:

That each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property.

Accordingly, once an 1111(b) election has been made the creditor must receive the greater of deferred payments equal to the full amount of its allowed claim without including the time value of money, or payments with a present value as of the date of the plan equal to at least the value of the creditors' interest in the estate's inter-

est in the collateral. *See In re Webster*, 66 B.R. 46, 47 (Bankr.D.N.D.1986) (citing 5 Collier on Bankruptcy ¶ 1111.02[5] (15th ed. 1985). A plan which proposes to pay an electing creditor only the value of its collateral is not confirmable when the proposed payments do not total at least the full amount of the creditor's claim. *See In re Hallum*, 29 B.R. at 345.

The amount that is greater, between the total of the payments necessary to provide a creditor with the present value of the collateral and the total amount of a creditor's claim, switches depending upon the length of the term and the interest rate used to calculate the payments. For example, assume a piece of real estate worth $50,000.00 upon which a creditor electing under section 1111(b) holds a $120,000.00 secured claim. If the debtor proposes to pay the creditor the present value of its collateral $50,000.00 over twenty years at 10% interest the annual payments would be $5,873.00. Twenty payments of $5,873.00 total $117,460.00, which is less than the total amount of the creditor's claim. Under this scenario the debtor would be required to pay $6,000.00 annual payments ($120,000.00 total claim ÷ twenty annual payments = $6,000.00 annual payment) to comply with the "greater of the two" requirement. If, however, the terms of the payment are stretched out over twenty-five years the annual payments toward the present value of the collateral would be $5,508.00. Twenty-five payments of $5,508.00 total $137,700.00, which is more than the total amount of the creditor's claim. Thus under this second set of repayment terms the total of the payments necessary to pay the present value of the collateral is greater than the total allowed claim.

■ In the instant case the Debtors' plan proposes a string of payments to FmHA with a present value equal to the value of FmHA's interest in the collateral. The amount of these payments was calculated as follows:

|  | Fair Market Value | Interest Rate | Number of Annual Payments | Amount of Annual Payments |
|---|---|---|---|---|
| Cattle | $45,400.00 | 9.0% | 15 | $5,632.27 |
| Machinery | $ 5,600.00 | 9.0% | 7 | $1,112.67 |

The present value of FmHA's collateral is, however, only one side of the comparison required by a section 1111(b) election. The other prong of the comparison is that the total payments received by FmHA must equal at least the total amount of its allowed secured claim, $174,234.72. The total of the payments proposed by the Debtors' plan is calculated as follows:

$$15 \text{ years} \times \$5,632.27 = \$84,484.05$$
$$7 \text{ years} \times \$1,112.67 = \$ 7,788.69$$

Total plan payments     $92,272.74

The $92,272.74 in payments proposed under the plan falls short of FmHA's $174,234.72 allowed secured claim by $81,961.98. Accordingly, the court concludes that the Kvammes' plan does not adequately reflect FmHA's 1111(b) election.

### 2.

■ The other matter before the court is the motion to dismiss filed by the Bank. The Bank asserts that dismissal is appropriate under section 1112 of the Bankruptcy Code for, among other reasons, the Debtors' inability to effectuate a plan. Cause for dismissal is not limited to the specifically enumerated examples set out in section 1112 but is rather within the discretion of the bankruptcy court. *In re Asbridge*, 61 B.R. 97, 101 (Bankr.D.N.D.1986). The Kvammes have been under the protection of the bankruptcy court since November 24, 1986, without achieving plan confirmation. Their most recently proposed plan falls short of being confirmable by an 1111(b) payment deficiency of $81,961.98. On August 9, 1988, at a hearing on their Third Amended plan, the court warned the Debtors that they would have only one more opportunity to propose a confirmable plan. At the August hearing it was apparent that FmHA's objection regarding the plan treatment of its 1111(b) election was a serious obstacle to confirmation. Yet, the currently proposed Fourth Amended plan does not adjust the payments to FmHA to reflect the 1111(b) election. Congress did not intend for debtors to continue indefinitely in Chapter 11 when they do not appear to be able to achieve plan confirma-

tion. In this case the Debtors have had ample time to propose a confirmable plan but have failed to do so.

Accordingly, for the reasons stated, confirmation of the Debtors' Fourth Amended plan of reorganization is DENIED and the motion to dismiss is GRANTED.

SO ORDERED.