In the Matter of MARKHON INDUSTRIES, INC., Debtor.

Bankruptcy No. 88–30938 HCD.

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

May 25, 1989.

William Kohn, South Bend, Ind., for debtor.

Nancy Hochman, South Bend, Ind., for U.S. trustee.

## MEMORANDUM OF DECISION

HARRY C. DEES, Jr., Bankruptcy Judge.

This matter is before the court on the debtor's MOTION TO DISMISS CHAPTER 11 PROCEEDINGS ("Motion") filed on April 19, 1989. A hearing was held on May 17, 1989 at which the United States Trustee ("UST"), by counsel, Nancy Hochman, Esq., objected. The basis of the objection centers on the five outstanding UST quarterly fee payments due and owing by the debtor. For the reasons set out below, the UST's objection is OVERRULED and the debtor's motion to dismiss is GRANTED.

### Jurisdiction

This matter concerns the debtor's motion to dismiss the chapter 11 proceeding and the objections thereto, and as such is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to 28 U.S.C. § 157(a) and General Rule 45 of the Rules of the United States District Court for the Northern District of Indiana, this case has been referred to the undersigned bankruptcy judge for hearing and determination. After reviewing the record, the court makes the following entry. This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52 made applicable to bankruptcy proceedings by Bankruptcy Rules 7052 and 9014.

### Discussion

The debtor filed its voluntary petition for reorganization under chapter 11 of the Bankruptcy Code on May 23, 1988. On the same date the debtor filed an EMERGENCY APPLICATION TO SELL ALL OF THE ASSETS OF THE DEBTOR, MARKHON INDUSTRIES, INC. That application was approved by the court and by the related secured creditors on June 17, 1988. The assets of the debtor were purchased by Ken–Tech Corporation, a wholly-owned subsidiary of Kennedy Manufacturing Company, on or about June 17, 1988.

The debtor filed the instant Motion on April 19, 1989. The debtor contends that:

1. all assets of Markhon Industries, Inc., were sold, including all real and personal property, free and clear of all interests;

2. as a result of the sale, no assets remain in the bankruptcy estate;

3. all pending actions have been resolved;

4. all administrative claims filed against the estate have been fully paid and satisfied; and,

5. because no assets remain in the estate for distribution, and thus, no likelihood exists for rehabilitation of the debtor;

so that the best interests of the estate and creditors would be met by dismissing the case.

During the hearing on May 17, 1989, the UST orally objected to the debtor's Motion. The UST maintains that the debtor's failure to pay five outstanding quarterly pay-

ments due to the UST[1] precludes the court from dismissing the case. In support of her position, counsel for the UST relies on the decision in the case *In re Rose*, 86 B.R. 439 (Bankr.E.D.Pa.1988). The *Rose* court held that the debtor's motion for voluntary dismissal of his chapter 11 case would be granted only upon the condition that the debtor paid to the trustee all fees required pursuant to statute within fifteen (15) days or the trustee's motion to convert would be granted. *Rose*, 86 B.R. at 442.

The statutory authority under which the bankruptcy court may dismiss or convert a case under chapter 11 can be found in 11 U.S.C. § 1112(b) which states in pertinent part:

(b) Except as provided in subsection (c) of this section, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;

(7) inability to effectuate substantial consummation of a confirmed plan;

(8) material default by the debtor with respect to a confirmed plan;

(9) termination of a plan by reason of the occurrence of a condition specified in the plan; or

(10) nonpayment of any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 1112(b) (1989).

Therefore, after consideration of the best interests of the estate and of the creditors, the decision to dismiss or convert rests within the sound discretion of the court. *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 985 (Bankr.N.D.N.Y.1988). The initial burden of proof is upon the proponent of the motion, *In re Santiago Vela*, 87 B.R. 229, 231 (Bankr.P.R.1988); *Copy Crafters Quickprint, Inc.*, 92 B.R. at 985, and the proponent must be a party in interest or the UST. 11 U.S.C. § 1112(b) (1989). In this case, the only motion before the court is one for dismissal made by the debtor who holds a position as party in interest. The court notes that there is no present motion before the court by the debtor, the UST, or any other party for conversion of the case to chapter 7. The court is well aware that regardless of the absence of a motion to convert, the court must still exercise its discretion to determine if dismissal or conversion would be in the best interest of the estate and creditors.

The court must find that "cause" exists before it can enter an order dismissing or converting the case. 11 U.S.C. § 1112(b) (1989). The proponent can meet its burden by establishing the existence of any of the statutory grounds enumerated in § 1112(b). *Santiago Vela*, 87 B.R. at 231. However, the court is not limited to the enumerated grounds in making its determination of some "cause." The court must exercise its sound judgment. *Id; In re Kvamme*, 93 B.R. 698, 700 (Bankr.N.D.1988). Therefore, the debtor must establish that "cause" exists for the case to be dismissed.

In support of its contention, the debtor claims that as the result of the sale of the assets of the debtor, there is no money

---

**1.** The statutory entitlement supporting the UST's claim for payment of quarterly fees can be found in 28 U.S.C. § 1930(a)(6) (1988).

remaining in the estate for distribution and therefore no likelihood of rehabilitation. In effect, the debtor argues, to keep the case open would only allow the debtor to continue to incur obligations to the UST which could never be paid.

The UST counters that the holding in the *Rose* case controls and precludes a finding by the court dismissing the case as long as unpaid quarterly fees remain due and owing to the UST. *Rose*, 86 B.R. at 442.

A brief discussion of the *Rose* case will factually distinguish its holding from the facts of the case before the court. In *Rose*, the debtor filed a motion to voluntarily dismiss his chapter 11 case and the trustee objected. The trustee then filed a motion to convert based on the debtor's failure to pay all quarterly fees required by 28 U.S.C. § 1930(a)(6). The debtor contended that he no longer needed whatever benefits that were available under chapter 11 and was able to pay all of his creditors outside of the bankruptcy. Additionally, he contested the amount of quarterly fees claimed by the trustee.

Judge Fox stated in his decision that failure of the debtor to comply with § 1930(a)(6) does not always preclude the possibility of dismissal even though the UST prefers conversion. However, Judge Fox found that without countervailing evidence to dismiss presented by the debtor, on whom the burden fell, and in light of the scant evidence upon which to determine the best interests of the creditors and of the estate, dismissal would only be granted upon payment by the debtor of all fees required by § 1930(a)(6). The dispositive issue which precluded voluntary dismissal was the failure of the debtor to carry his burden of proof, not the failure to pay the fees set out in § 1930(a)(6).

In *Rose*, the debtor had assets from which he admitted an ability to pay all of his creditors outside of bankruptcy, and arguably from which he could make the quarterly payments due to the trustee.

In this case, the debtor has proven that there are no assets from which to derive payment of the quarterly fees to the UST. There has been no showing by the debtor or the UST, of assets to administer if the case were converted to chapter 7. There has been no showing that dismissal would allow the debtor to defeat potential recovery for the creditors, no post-petition transfers are alleged, no preferences cited, and no showing of loss to the estate from the debtor's actions which could support a denial of the Motion to dismiss or a conversion to chapter 7. *In re Kimble*, 96 B.R. 305, 308 (Bankr.D.Mont.1988). This, the court concludes, amounts to "cause."

The irony of the UST's position in relation to the relief available in § 1112(b)(10) [2] is perverse at best. Nonpayment of UST quarterly fees is one of the examples of "cause" for dismissal set out in § 1112(b) yet the UST has taken the position that nonpayment also amounts to "cause" precluding dismissal. The court finds the incongruities aptly expressed by Judge Davis when he stated:

> Non-payment of these [UST quarterly] fees constitutes cause for a party in interest, including the United States Trustee, to move for dismissal of the case under 11 U.S.C. § 1112(b)(10). I am incapable of performing the mental gymnastics necessary to find that non-payment of these fees could constitute cause for dismissal, and simultaneously, cause for refusal to dismiss, as urged by the United States Trustee. If I adopted such a rule, a debtor with no funds to devote to his Chapter 11 plan and no possibility of reorganization could be imprisoned against his will in a Chapter 11 that is headed no where [sic]. Presumably, if the Debtor never had sufficient funds to pay these fees, the case would remain pending forever as the amount due increased from quarter to quarter.

The result would be no more desirable for creditors in the case. They would be

---

**2.** (b) "... court may convert ... or may dismiss ... for cause, including—

    (10) nonpayment of any fees or charges required under chapter 123 of title 28."

11 U.S.C. § 1112(b)(10) (1989).

**436**

stayed by 11 U.S.C. Section 362 from pursuing any state law remedy for an indefinite period simply because the fees could not be paid, and would have no long-term prospect of recovery under the Bankruptcy Code either.

Such a harsh result is not defensible on either policy grounds or any reasonable interpretation of applicable law.

*In re Motorworks, Inc.,* 85 B.R. 661, 662 (Bankr.S.D.Ga.1988).

Under § 1112(b)'s enumerated examples of "cause," dismissal of the debtor's case acts as the ultimate sanction when a debtor fails to proceed according to the Bankruptcy Code and Rules. *In re Geller,* 74 B.R. 685, 688–89 (Bankr.E.D.Pa.1987) (discussion of the interplay between dismissal under § 707 and § 1112). The UST now attempts to turn the tables and convert the ultimate sanction from that of dismissal to imprisoning the debtor in a perpetual chapter 11 case. This reasoning would only lead to an administrative nightmare for the court and the Clerk of the Bankruptcy Court, not to mention the accounting section of the UST's office. Quarterly fees due to the UST would continue to accrue forever with no end in sight. It would not only create an administrative burden, but would work a substantial hardship upon the creditors who would be stayed from acting against the debtor. *In re Smith and Son Septic and Sanitation Service,* 88 B.R. 375, 380 (Bankr.D.Utah 1988). As Judge Boulden suggests, "[n]o blood exists in this turnip." *Id.*

The debtor has made a *prima facie* case for dismissal under 11 U.S.C. § 1112(b). *Motorworks,* 85 B.R. at 662. The UST has made no showing of the likelihood that future resources may be available and offered no statutory authority to preclude dismissal for nonpayment of UST quarterly fees. Additionally, the court can find no showing that conversion to chapter 7 may produce recoverable assets or avoidable transactions from which the UST could recover the outstanding UST quarterly fees.

### Conclusion

Accordingly, the court finds that cause exists for DISMISSAL of the debtor's chapter 11 case, and that the dismissal is in the best interest of creditors and of the estate and OVERRULES the objection of the UST to dismissal.

SO ORDERED.