In re **HOSPITALITY ASSOCIATES OF TAPPAN ZEE, LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 89 B 20365.**

United States Bankruptcy Court, S.D. New York.

Aug. 10, 1989.

Gary Ginsberg, New York City, for debtor.

R. Bruce Reeves, Amherst, N.H., pro se.

Ed Fox, Carter, Ledyard & Milburn, New York City, for the U.S. Trust Co.

## DECISION ON MOTION TO WITHDRAW CHAPTER 11 CASE

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

This Chapter 11 debtor, Hospitality Associates of Tappan Zee, Limited ("Hospitality") has moved for an order permitting it to withdraw its Chapter 11 case. R. Bruce Reeves (Reeves), a resident of New Hampshire, who owns 100% of M.P.I. Corporation ("M.P.I."), the debtor's former sole general partner, opposes the withdrawal application. The debtor is a New York limited partnership. Reeves also owns a 39.6% interest in the debtor as a limited partner. The balance of the limited partnership interest is held by BAMCO 18 ("BAMCO"), a New York general partnership whose partners were partners of Breed, Abbott & Morgan, a law firm in New York City.

### FACTS

On April 12, 1989, BAMCO moved for summary judgment in a lawsuit pending in the United States District Court for the Southern District of New York brought by BAMCO as a limited partner of Hospitality against Reeves, M.P.I. in its own right and as a general partner of Hospitality. The objective of the litigation was a declaratory judgment for a constructive trust over Hospitality's major property interest, a 92 room hotel and conference center in Nyack, New York.

On May 31, 1989, Reeves filed an individual Chapter 11 case under the Bankruptcy Code with the Bankruptcy Court for the District of New Hampshire.

On June 2, 1989, before the summary judgment was decided in the District Court in New York, Reeves, as president of M.P.I., the debtor's sole general partner, filed a Chapter 11 petition under the Bankruptcy Code on behalf of the debtor, Hospitality, in the United States Bankruptcy Court for the District of New Hampshire. Pursuant to a stipulation dated June 9, 1989, the parties agreed to the entry of an order by the Bankruptcy Court in New Hampshire transferring Hospitality's Chapter 11 case to the Bankruptcy Court for the Southern District of New York at White Plains, New York, where the debtor's principal asset is located. The stipulation, which was "so ordered" by the Bankruptcy Court in New Hampshire, authorized the continuation of a hearing, scheduled for June 12, 1989, in the District Court for the Southern District of New York to consider the request by BAMCO to remove M.P.I. as the general partner of the debtor, Hospitality, pending the outcome of BAMCO's litigation in the District Court for the Southern District of New York.

On June 12, 1989, Judge Robert W. Sweet, in the United States District Court for the Southern District of New York ruled on an application by BAMCO for a preliminary injunction and entered an order removing M.P.I. as the general partner of the debtor because "Reeves has manipulated M.P.I. for his own benefit rather than

for the benefit of the limited partnership." Judge Sweet also directed M.P.I. to deliver up to First Hospitality Services of New York, Inc. ("First Hospitality"), the managing agent of the debtor, all book, records, or property of the debtor.

After M.P.I. was removed as the sole general partner at the direction of Judge Sweet, the majority interest of the debtor's limited partners designated Tappan Zee Corporation as the new sole general partner of the debtor. Reeves objected to the appointment of Tappan Zee Corporation on the ground that all limited partners, including Reeves, must consent to such an appointment.

In a memorandum decision dated June 29, 1989, Judge Sweet rejected Reeves' opposition and ruled:

The relationship between Reeves and M.P.I. is such that to require unanimity in the selection of a successor to M.P.I. is to defeat the power of the majority interest to remove M.P.I.

Therefore, Judge Sweet directed the County Clerk of Rockland County, pursuant to § 114(4) of the New York Partnership Law to file an amendment of the certificate of the debtor to reflect the removal of M.P.I. as the debtor's general partner and the substitution of Tappan Zee Corporation, a Delaware corporation, with an address in care of First Hospitality, as the debtor's new sole general partner. This certificate was filed with the Clerk of Rockland County on July 10, 1989.

On July 5, 1989, Judge Sweet granted BAMCO's motion for summary judgment for an accounting against M.P.I., which was not a debtor in any bankruptcy case. The relief sought against Reeves was dismissed without prejudice because of the automatic stay imposed in his Chapter 11 case.

It is argued on behalf of the debtor that the Chapter 11 case, which was commenced on behalf of the debtor by Reeves as the president of M.P.I., the removed former general partner of the debtor, should be withdrawn in the best interests of the debtor and its creditors in order to allow the debtor to resume normal business operations. Reeves objects to the discontinuance of the debtor's Chapter 11 case because there is insufficient equity in the debtor's property to permit the debtor to pay all creditors, including himself, in full.

## DISCUSSION

The removal of M.P.I. as a general partner of the debtor, pursuant to the order of Judge Robert Sweet of the United States District Court for the Southern District of New York, entered on June 13, 1989, would have constituted a dissolution of the partnership had the limited partners not promptly elected to continue the business of the partnership by designating Tappan Zee Corporation as a substituted general partner in accordance with Article 11.6 of the debtor's Amended and Restated Agreement of the Limited Partnership, dated March 1, 1985.

The substitution of Tappan Zee Corporation for the removed general partner, M.P.I., was formalized by the filing of an Amendment To Certificate of Limited Partnership on July 10, 1989 with the County Clerk of Rockland County.

As the substituted sole general partner of the debtor, Tappan Zee Corporation has moved on notice to all parties in interest and creditors of the debtor partnership for an order permitting the debtor to withdraw and dismiss its voluntary Chapter 11 case which was filed by M.P.I. before M.P.I. was removed as the debtor's sole general partner pursuant to Judge Sweet's order entered on June 13, 1989. A dismissal of a Chapter 11 case is governed by 11 U.S.C. § 1112(b) which permits a party in interest, after notice and hearing, to dismiss a Chapter 11 case in the best interest of the creditor's and the estate. No creditor objects to the debtor's motion other than Reeves, whose corporation was removed as the debtor's general partner because of his breach of fiduciary duties to BAMCO, a limited partner of the debtor.

The replacement of M.P.I. as the general partner and the substitution of Tappan Zee Corporation as the new general partner, was consistent with the limited partnership agreement and did not impair the interests of R. Bruce Reeves as a limited partner. *See In re Sovereign Corp., 1984–21 Ltd.,* 88 B.R. 325, 332 (Bankr.D.Colo.1988). However, Reeves' objection to the debtor's motion for voluntary dismissal was asserted in his capacity as a creditor of the debtor.

The debtor believes that the filing of this Chapter 11 case has alarmed its creditors and that the debtor cannot resume its business or negotiate for the sale of its property while the Chapter 11 case is pending. The debtor's secured creditor, The United States Trust Company, which holds a first mortgage on the debtor's property, does not object to the dismissal motion.

When there is no useful purpose in retaining jurisdiction over a Chapter 11 case because the debtor does not wish to continue under the aegis of Chapter 11 and where the debtor's current management does not agree with the objectives of the debtor's court-ousted management, it follows that voluntary dismissal should be permitted pursuant to 11 U.S.C. § 1112(b). *See In the Matter of Markhon Industries, Inc.,* 100 B.R. 432 (Bankr.N.D.Ind.1989); *In re Rose,* 86 B.R. 439 (Bank.E.D.Pa. 1988); *In re Oak Winds, a Florida Limited Partnership,* 4 B.R. 528 (Bankr.M.D. Fla.1980).

It appears to be in the best interest of the debtor and its creditors that the debtor should proceed to work out its business and financial problems outside the pale of bankruptcy controls, especially since the debtor's current general partner views the Chapter 11 filing by the ousted general partner as a destructive and bad faith act.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The substituted sole general partner of this voluntary Chapter 11 debtor has established that it is in the best interest of the debtor and its creditors to withdraw and dismiss this Chapter 11 case which was originally filed by the debtor's former sole general partner before such general partner was removed by order of Judge Robert W. Sweet in the United States District Court for the Southern District of New York.

3. The objection to such dismissal filed by S. Bruce Reeves, the president of the removed general partner, who is also a creditor and a limited partner of the debtor, is overruled because the debtor does not wish to proceed with the Chapter 11 case and propose a reorganization. The debtor seeks to resume its efforts to operate its hotel and conference center, while continuing to negotiate a sale of its property in order to pay its creditors, none of whom has objected to the dismissal other than S. Bruce Reeves.

4. The debtor's motion for a dismissal of this Chapter 11 case is granted pursuant to 11 U.S.C. § 1112(b).

Submit order.